Dear Mr. Woolridge:
This office is in receipt of your opinion request in which you asked whether the Patient's Compensation Fund, La.R.S. 40:1299.44, is required to follow the federal guidelines set out in the Gramm-Leach-Bliley Act,15 U.S.C.A 6801, et seq.
The Gramm-Leach-Bliley Act was passed by Congress in November 1999. The Gramm-Leach-Bliley Act prohibits a "financial institution" from distributing nonpublic information about their customers to third parties unless adequate notice has been given. The Gramm-Leach-Bliley Act provides as follows:
 It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C.A 6801 (a).
 Except as otherwise provided in this subchapter, a financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer notice that complies with section 6803 of this title. 15 U.S.C.A 6802 (a).
Whether or not something is covered by the Gramm-Leach-Bliley Act depends on whether it is a "financial institution." The definition of financial institution is set out in Title 15 U.S.C.A 6809 (3) (a). It states, "The term `financial institution' means any institution the business of which is engaging in financial activities as described in section 1843 (k) of Title 12."
Title 12 U.S.C.A 1843 (k) (3) and Title 12 U.S.C.A 1843 (k) (4) (B) are the relevant statutes referred to in the above definition. Title12 USCA 1843 (k) (3) gives factors to be considered. The statute states, "In determining whether an activity is financial in nature or incidental to a financial activity, the board shall take into account —
(A) the purposes of this chapter and the Gramm-Leach-Bliley Act; "
As stated above in 15 U.S.C.A 6801 (a), the purpose of the Gramm-Leach-Bliley Act is to ensure that financial institutions respect their obligation to protect the privacy, security and confidentiality of customers' nonpublic personal information.
Title 12 U.S.C.A 1843 (k) (4) (B) provides guidance on what will be considered a financial institution. The provision includes the following activities as financial in nature, "insuring, guaranteeing, or indemnifying against loss, harm, damage, illness, disability, or death, or providing and issuing annuities, and acting as principal, agent, or broker for purposes of the foregoing in any State."
A determination of whether the Patient's Compensation Fund is covered by the Gramm-Leach-Bliley Act depends on how the activities of the Patient's Compensation Fund are characterized. If the activities of the Patient's Compensation Fund are characterized as "insuring" or as "indemnifying against loss, harm, damage, illness, disability or death" then the Gramm-Leach-Bliley Act would be applicable to the Patient's Compensation Fund under the above statute.
The Patient's Compensation Fund is part of the Medical Malpractice Act, La.R.S. 40:1299.41-50. Because it is part of a larger body of law, characterization of it must be made in light of the Medical Malpractice Act as a whole.
The Patient's Compensation Fund is used to pay victims of medical malpractice whose judgments exceed $100,000. La.R.S. 40:1299.42 B sets out the framework for limiting medical malpractice liability and provides for the Fund's use. The statute states in pertinent part:
 (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.
 (2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.
 (3) (a) Any amount due from a judgment or settlement or from a final award in an arbitration proceeding which is in excess of the total liability of all liable health care providers, as provided in Paragraph (2) of this Subsection, shall be paid from the patient's compensation fund pursuant to the provisions of R.S. 40:1299.44 (C).
 (b) The total amounts paid in accordance with the Paragraphs (2) and (3) of this Subsection shall not exceed the limitation as provided in Paragraph (1) of this Subsection.
The Louisiana First Circuit Court of Appeals recently held that the principal purposes of the Medical Malpractice Act are to limit the liability of health care providers qualified under the Act and to provide compensation to medical malpractice victims who have been injured by qualified health care providers. St. Paul Fire and Marine Ins. Co. v.Eusea, (La.App. 1 Cir. 9/22/2000), 775 So.2d 32.
The Patient Compensation Fund was set up under La.R.S. 40:1299.44. The Legislature stated its purpose as follows:
 The State recognizes and acknowledges that the fund and any income from it are not public monies, but rather are private monies which shall be held in trust as a custodial fund by the state for the use, benefit, and protection of medical malpractice claimants and the private health care providers La.R.S. 40:1299.44
In order to qualify for limited liability under the Medical Malpractice Act a health care provider must comply with La.R.S. 40:1299.42 (A). This includes having a malpractice liability insurance policy of $100,000 per patient and paying an annual surcharge to the Patient's Compensation Fund. La.R.S. 40:1299.44 (A) (2) (a). The rate of the surcharge is set by the Louisiana Insurance Rating Commission. It is set to be "the amount of surcharge which health care provider would reasonably be required to pay were his qualification based upon filing a policy of malpractice liability insurance." La.R.S. 40:1299.44 (A) (2) (f).
The above functions of the Patient's Compensation Fund certainly include indemnifying health care providers from loss arising from medical malpractice claims and therefore it is our opinion that the Patient's Compensation Fund should be characterized as a "financial institution" and subject to the Gramm-Leach-Bliley Act.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY GENERAL
RPI/CHB:mjb